IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| HUGO GOMEZ-BARRIENTOS | § | |
| | § | |
| v. | § | 2:16-CV-003 |
| | § | |
| UNITED STATES OF AMERICA | § | |

**REPORT AND RECOMMENDATION**
**TO DENY MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE and**
**MOTION TO CORRECT SENTENCE**

Defendant GOMEZ-BARRIENTOS has filed a Motion to Vacate Sentence Pursuant to 18 U.S.C. § 2255. For the reasons set forth below, the undersigned Magistrate Judge is of the opinion petitioner is not entitled to relief and the motion to vacate should be DENIED.

I.
PROCEDURAL HISTORY

On November 19, 2014, defendant pled guilty to the offense of Possession with Intent to Distribute 50 Grams or More of Methamphetamine. The Plea Agreement recited defendant was subject to "imprisonment for a period of not less than five years or more than forty years." The Factual Resume also recited defendant was subject to "imprisonment for a period of not less than five (5) years or more than forty (40) years." At his Rearraignment, the court advised petitioner "[t]he penalty for that offense is imprisonment for a period of not less than five years or more than forty years." *Rearraignment*, p. 6, l. 3-4.

The Presentence Investigation Report (PSR) prepared December 24, 2014 noted on page 1

that the possible range of imprisonment for the offense to which defendant pled guilty was "5 years to 40 years." The PSR found defendant "responsible for the 185.1 grams of methamphetamine (actual) which he distributed, and 113.4 grams (quarter pound) of methamphetamine he agreed to sell." Utilizing the 2014 Guidelines Manual and incorporating all guideline amendments (including Amendment 782 which generally revised the Drug quantity Table and chemical quantity tables across drug and chemical types and became effective November 1, 2014), the PSR found defendant "accountable for 3,928.8 kilograms of marijuana equivalency" which, pursuant to USSG §2D1.1(c)(4) addressing an offense involving at least 3,000 but less than 10,000 kilograms of marijuana, has a base offense level of 32 points. After a 3-point reduction for acceptance of responsibility, defendant's Total Offense Level was calculated at 29 points. Defendant's total criminal history score was calculated at a 6 resulting in a Criminal History Category of III. In the "Sentencing Options" section of the PSR, it was again noted that the "mandatory minimum term of imprisonment is 5 years and the maximum term is 40 years." The PSR then found that based upon a Total Offense Level of 29 and a Criminal History Category of III, defendant's Guideline Imprisonment Range was 108 to 135 months. Defendant stated he had "no objections to the calculations of the proposed guidelines contained in the pre-sentence report."

On February 3, 2015, the court sentenced defendant to 120 months, a mid-range sentence within the advisory sentencing guideline range of 108 to 135 months. At sentencing the court explained:

> Now the Court set your penalty toward the high end of the guidelines. While you don't have a felony conviction, you have a long history of violence, possessing weapons and drugs, and you've posed a danger to society. This sentence is necessary to address the sentencing objectives of punishment and deterrence.

*Sentencing*, p. 8, l. 11-16.

In the "Statement of Reasons" entered that same date, the court noted defendant's sentence was "within an advisory guideline range" and justified the sentence as follows:

> The Court set the penalty at 120 months. The defendant has a history of violence, possessing weapons and drugs and is a danger to society. The sentence addresses the Court's sentencing objectives of punishment and deterrence.

*Statement of Reasons*, IV.B. and VIII. Defendant did not appeal his conviction or sentence.

On January 5, 2016, defendant filed a Motion to Vacate Sentence Pursuant to 18 U.S.C. § 2255 alleging his:

> [S]ixth amendment right to effective assistance of counsel was violated when counsel failed to point out at sentencing that the 18 U.S.C. 841 violation only carried (due to the amount of drugs that [defendant] was held responsible for) a five year mandatory minimum sentence, not the ten year mandatory minimum that [defendant] was ultimately subject to.

In an accompanying Memorandum, defendant also appeared to assert he did not receive the benefit of Amendment 782 which would have resulted in a lower guideline range of punishment.

On February 1, 2016, after being directed to utilize the form motion required by this district, defendant filed the instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. He asserted essentially the same complaints as his original motion. On March 10, 2016, the government filed a response opposing defendant's motion. On March 29, 2016, defendant filed his reply.

## II.
## PETITIONER'S ALLEGATIONS

Defendant claims his conviction is unconstitutional because he was denied effective assistance of trial counsel in that counsel "did not object to the ten year mandatory minimum sentence, which prohibited the judge from imposing a guideline sentence." Defendant maintains the

court "erroneously found that [defendant] faced a ten year mandatory sentence; and thus sentenced [defendant] to ten years." In response, the Government argues the "record squarely refutes this claim because, in every instance, it was clear that the correct statutory sentencing range of 5 to 40 years was applied."

Within the "Supporting Facts" section, defendant also appears to assert Amendment 782 should have been applied in his PSR thereby making his guideline range 92 to115 months rather than 108 to 135 months and that he was erroneously sentenced to "twenty-eight extra months."

### III.
### INEFFECTIVE ASSISTANCE OF COUNSEL

The proper standard for judging a petitioner's contention that he is entitled to relief on the ground that his trial counsel rendered ineffective assistance is enunciated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under the *Strickland* standard, a petitioner must show defense counsel's performance was deficient. This requires showing counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. In order to amount to ineffective assistance of counsel, counsel's performance must have fallen below an objective standard of reasonableness as determined by the norms of the profession. Counsel's performance is reviewed from counsel's perspective at the time of trial, not from hindsight. *Id.* at 689. A reviewing court's scrutiny of trial counsel's performance is highly deferential, with a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance. *Id.*

A petitioner must also show he was prejudiced by counsel's alleged deficient performance. To establish this prong, petitioner must show counsel's errors were so serious as to deprive

petitioner of a fair trial. Specifically, petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different or that the errors were so serious as to deprive the [petitioner] of a fair trial with a reliable result." *Id.* at 694.

Defendant contends he was denied effective assistance of counsel because counsel failed to object to the court's erroneous imposition of a 10-year mandatory minimum sentence. On March 22, 2016, defendant was ordered to reply to the government's answer and to state, with particularity, the instance or instances he contends evidence or establish the court's application of an incorrect mandatory minimum statutory sentence. On April 11, 2016, notwithstanding defendant's prior allegations, defendant advised he does not have access to court documents which would enable him to confirm his assertions and "capitulates to the government's informed points." Not only does defendant's reply fail to explain the basis upon which he initially contended his sentence was erroneously imposed as a mandatory minimum 10-year sentence, his reply constitutes an admission that defendant cannot support his contentions and that he does not challenge the government's response.

As detailed above, the proper 5-year mandatory minimum sentence applicable in this case was repeated in various court documents as well as by the court during court proceedings. The court has not found and defendant has not identified any reference to a 10-year mandatory minimum sentence in this case. In fact, the court explained at the sentencing hearing and in its written Statement of Reasons that it was assessing a penalty "toward the high end of the guidelines" and the specific reasons considered for assessing the sentence.[1] Defendant has not demonstrated the court

---

[1] The undersigned notes the box on page 1 of the Statement of Reasons (Section II.B.) was "checked" indicating "Mandatory minimum sentence imposed." The only other alternative boxes to check indicated "[n]o count of conviction carries a mandatory minimum sentence" or that the "sentence imposed is below a mandatory minimum term." Neither party has noted

applied an incorrect mandatory minimum, or that there was any ground on which counsel could raise a legitimate objection. Counsel's failure to raise a meritless argument will not be considered deficient, nor will such failure result in prejudice since the result of the proceeding would not have been different if the attorney had objected. *See United States v. Kimler*, 167 F.3d 889, 892 (5th Cir. 1999). Counsel had no basis upon which to make a proper objection and failure to do so was not deficient. Defendant's claim of ineffective assistance of counsel is without merit and should be DENIED.

## IV.
## GUIDELINE MISAPPLICATION

Petitioner also appears to argue the sentencing guidelines were misapplied in this case because he did not receive the benefit of Amendment 782 to the Sentencing Guidelines and did not receive an "all drug minus two" sentence.

Claims of misapplication of the sentencing guidelines do not raise constitutional error, nor do such claims assert an injury that could not have been raised on direct appeal and would result in a miscarriage of justice if left unaddressed. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). Consequently, simple claims of misapplication of the sentencing guidelines are not cognizable in a 2255 motion and cannot warrant relief.

Even so, defendant has not shown his claim has merit. At defendant's February 2015 sentencing, the court utilized the 2014 Guidelines Manual and incorporated all guideline

---

the checking of the box in Section II.B., nor has petitioner argued the checking of the box as the basis for his claim that the court erroneously imposed a 10-year mandatory minimum sentence. It appears the checking of the box confirms there was a five (5) year minimum mandatory sentence. The undersigned notes Section II.B. of the Statement of Reasons was routinely checked in cases where a count carried a mandatory minimum sentence and the sentence imposed was at or above the applicable mandatory minimum term as the form did not provide applicable alternatives. In September 2015, a new form was adopted (AO 245B) which provided a box to check when "[o]ne or more counts of conviction carry a mandatory minimum term of imprisonment and the sentence imposed is at or above the applicable mandatory minimum term." Regardless, this fact was not argued by petitioner, but even if it had been, it would not warrant relief.

amendments, including Amendment 782 which became effective November 1, 2014. Defendant received the benefit of the 2-level reduction in the base offense level when he was assessed the lower base offense level of 32 because the changes went into effect in November 2014, prior to his February 2015 sentencing. Defendant has failed to show an improper base offense level was used in reaching his Total Offense Level. Defendant has failed to meet his burden of showing his constitutional rights were violated. This claim should be DENIED.

V.
RECLASSIFICATION AS 3582(C)(2) MOTION

In his April 11, 2016 pleading, defendant requests "to have this process be construed as a 3582(c)(2) motion pursuant to the 782 amendment." The court declines to do so at this late juncture. This proceeding was initiated as a motion to vacate under 28 U.S.C. § 2255 asserting constitutional error during the trial proceedings. A separate civil cause number was assigned and the government filed an answer to defendant's claims. The merits of those claims have been addressed above. If defendant wishes to file a 3582(c)(2) motion in his underlying criminal cause number, he should proceed to do so by obtaining the proper form, completing such form and filing it with the court. Defendant is cautioned, however, that he should not file any motion or pleading which is frivolous or which does not constitute an arguable claim.

VI.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by defendant HUGO GOMEZ-BARRIENTOS be, in all things, DENIED.

## VII.
### INSTRUCTIONS FOR SERVICE and NOTICE OF RIGHT TO OBJECT

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this ____4th____ day of November 2016.

 

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C)), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).